**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

NEOMEDIA TECHNOLOGIES, INC.,

       Plaintiff,

v.

BED BATH & BEYOND INC.,

       Defendant.

Judge

**Jury Trial Demand**

## COMPLAINT

Plaintiff NeoMedia Technologies, Inc. for its Complaint for patent infringement against Defendant Bed Bath & Beyond Inc., alleges as follows:

### PARTIES

1.    Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") is a Delaware corporation with its principal place of business at 100 West Arapahoe Avenue, Suite 9, Boulder, Colorado 80302.

2.    NeoMedia is the owner of record and assignee of US Patent No. 6,199,048 ("the '048 Patent") and US Patent 8,131,597 ("the '597 Patent") (collectively, the "Asserted Patents"). NeoMedia has and has had the exclusive right to enforce and collect damages for infringement of the Asserted Patents during all relevant time periods.

3.    On information and belief, Defendant Bed Bath & Beyond Inc. ("Bed Bath") is organized and existing under the laws of the State of New York, having its principal place of business at 715 Morris Avenue, Springfield, NJ 07081 and having a

place of business (a company-owned or franchise store) at 2500 East First Ave, Denver, CO 80206.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction over the defendant is proper under C.R.S. § 13-1-124 and the United States Constitution because this action arises from the Defendant's commission of at least (a) transacting business and (b) committing the complained of tortious acts within this jurisdiction.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## BACKGROUND

8. NeoMedia is a leader in 2-dimensional ("2D") barcode technology and infrastructure solutions. NeoMedia's platform technology enables consumers easy and quick access to information by scanning mobile barcodes with camera phones.

9. NeoMedia provides a barcode scanner application, the NeoReader, which allows users to scan multiple types of 1-Dimensional ("1D"), such as Uniform Product Codes ("UPC") and 2D barcodes, such as Quick-Response Codes ("QR Codes").

10. NeoMedia's mobile barcode technology and platform has been used by brands to power their respective mobile barcode campaigns.

## THE PATENTS-IN-SUIT

11. On March 6, 2001, the '048 Patent, entitled "System and Method for Automatic Access of a Remote Computer Over a Network" was duly and legally issued by the United States Patent and Trademark Office ("the USPTO").

12. The claims of the '048 Patent were subjected to two ex parte reexaminations before the USPTO. The first reexamination was instituted on July 26, 2007 ("the 2007 Reexamination"), and concluded on June 9, 2009, when the USPTO issued an Ex Parte Reexamination Certificate (6867th). The second reexamination was instituted on September 20, 2010 ("the 2010 Reexamination"), and concluded on September 6, 2011, with the USPTO issued an Ex Parte Reexamination Certificate (8519th). A true and correct copy of the '048 Patent, and its two Ex Parte Reexamination Certificates is attached as Exhibit A.

13. On March 6, 2012, the '597 Patent, entitled "System and Method for Using an Ordinary Article of Commerce to Access a Remote Computer" was duly and legally issued by the USPTO. A true and correct copy of the '597 Patent is attached as Exhibit B.

14. The '048 patent has been asserted in several previous patent infringement lawsuits, each of which resolved by default judgment in favor of NeoMedia or by the accused defendants agreeing to enter license agreements with NeoMedia. These previous actions include: NeoMedia Technologies, Inc. v. Virgin, Inc. et al, Case No. 04 CV 00021, (N.D. Ill.); NeoMedia Technologies, Inc. v. LScan, Inc., Case No. 04 CV 2307 (E.D. Pa.); NeoMedia Technologies, Inc. v. AirClic, Inc., Case No. 04 CV 1692 (E.D.

Pa.), and NeoMedia Technologies, Inc. v. SpyderLynk, LLC, Case No. 12 CV 00939 (D. Co.).

15. NeoMedia has licensed the Asserted Patents to a several of providers of QR code services.

16. In addition to the licenses discussed above, NeoMedia has licensed its valuable intellectual property, including the '048 and '597 patents, to other companies including Kraft Foods, Microsoft, Progressive Insurance, and Mondelez Global LLC.

## THE DEFENDANT BED BATH

17. According to its SEC filings, Defendant Bed Bath describes itself as selling "a wide assortment of domestics merchandise and home furnishings," and whose "1,173 stores operate in 50 states, the Disctrict of Columbia, Puerto Rico and Canada."

18. On information and belief, Defendant Bed Bath implements its marketing strategies at least by publishing or causing to be published advertisements featuring QR Codes in order to capitalize in the form of added value to its brand.

## BED BATH'S AWARENESS OF THE ASSERTED PATENTS

19. Bed Bath has been expressly aware of the '048 Patent no later than February 7, 2013, when NeoMedia, through its counsel, notified the in house counsel for Bed Bath of the '048 Patent and offered Bed Bath the opportunity to license the patents.

20. Bed Bath has been expressly aware of the '597 Patent no later than February 7, 2013, when NeoMedia, through its counsel, notified the in house counsel for Bed Bath of the '597 Patent and offered Bed Bath the opportunity to license the patent.

21. Additional correspondence and communications have taken place among the parties, but Bed Bath has never agreed to take a license and has never demonstrated why it believes a license is not necessary.

## FACTS REGARDING BED BATH'S INFRINGEMENT

22. QR Code advertisements and/or product packaging used by Bed Bath are examples of machine-readable codes that enable a user device to connect with a content server over the Internet by scanning a machine-readable code encoded with an index that is sent to a server and used to lookup the URL of the content server, which is then returned to the user device to enable it to connect with the content server.

23. As one example, the following QR code enables a user device to communicate the index to the server "http://bqt.co" to obtain the URL "http://m.bedbathandbeyond.com/bedbathbeyond/catalog.do?cid=1489872" of the content server.



24. Bed Bath does cause and has caused advertisements and/or product packaging to be published to the general public intending to strengthen the value of its brand, featuring at least one QR Code.

25. Bed Bath publishes and has published these advertisements and/or product packaging on behalf of its brand in order to instruct users to scan the QR Code provided by Bed Bath with a barcode reader.

## ALLEGATIONS RELATING TO WILLFUL INFRINGEMENT

26. Defendant Bed Bath has been aware of the '048 Patent since at least as early as February 7, 2013, when NeoMedia sent Bed Bath a letter offering to license NeoMedia's patent portfolio.

27. Defendant Bed Bath has been aware of the '597 Patent since at least as early as February 7, 2013, when NeoMedia sent Bed Bath a letter offering to license NeoMedia's patent portfolio.

28. Despite specific knowledge of the claims of the Asserted Patents, Bed Bath was objectively reckless in continuing to engage in actions that indirectly infringe the Asserted Patents. Bed Bath knew or should have known that there was an objectively high likelihood that its actions constituted infringement of a valid patent.

## COUNT I: INFRINGEMENT OF THE '048 PATENT

29. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 28 of this Complaint as though set forth fully herein.

30. To the extent that Bed Bath has sponsored QR campaigns with any provider not licensed by NeoMedia, by making, using, selling, or offering for sale in this judicial district and elsewhere in the United States, without authorization or license from

NeoMedia, QR Codes that are covered by one or more claims of the '048 patent, Defendant Bed Bath has been and is currently infringing the '048 Patent by inducement and/or contributorily in violation of 35 U.S.C. §271 (b), and/or (c).

31.     Bed Bath, through previous correspondence from NeoMedia, and based upon this Complaint, is actually aware of the '048 patent and what acts constitute infringing conduct.

32.     With this knowledge, Bed Bath has intentionally taken active steps to cause, urge, encourage, or aid others' direct infringement of the '048 Patent with knowledge of that infringement, such as by advertising and distributing the Bed Bath QR Codes, including instructions on how to use the QR Codes, by which Bed Bath specifically intended to cause, urge, encourage, or aid others to directly infringe the '048 Patent.

33.     These active steps caused, urged, encouraged, or aided others to use the Bed Bath QR Codes in a manner that employs and/or embodies the claims of the '048 Patent by meeting each and every element of one or more of the claims, including putting the invention into service, i.e., controlling the system as a whole and obtaining benefit from it.

34.     By making and/or using QR codes that indirectly link to a webserver, Bed Bath is making and/or using QR codes that are material to practicing the '048 Patent's invention.

35.     Bed Bath QR codes that indirectly link to a webserver are especially made or especially adapted to indirectly link to a webserver.

36. Bed Bath QR codes that indirectly link to a webserver have no substantial non-infringing uses.

37. By making and/or using the QR codes that indirectly link to a webserver, Bed Bath specifically intended its customers to infringe the '048 Patent and knew that the customers' acts constituted infringement.

38. On information and belief, Bed Bath's conduct is willful and deliberate.

39. As a direct and proximate result of Bed Bath's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

40. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Bed Bath's acts of patent infringement.

### COUNT II: INFRINGEMENT OF THE '597 PATENT

41. NeoMedia incorporates by reference the allegations set forth in paragraphs 1 through 28 and 30 through 40 of this Complaint as though set forth fully herein.

42. To the extent that Bed Bath has sponsored QR campaigns with any provider not licensed by NeoMedia, by making, using, selling, or offering for sale in this judicial district and elsewhere in the United States, without authorization or license from NeoMedia, QR Codes that are covered by one or more claims of the '597 patent, Defendant Bed Bath has been and is currently infringing the '597 Patent by inducement and/or contributorily in violation of 35 U.S.C. §271(b), and/or (c).

43. Bed Bath, through previous correspondence from NeoMedia, and based upon this Complaint, is actually aware of the '597 patent and what acts constitute infringing conduct.

44. With this knowledge, Bed Bath has intentionally taken active steps to cause, urge, encourage, or aid others' direct infringement of the '597 Patent with knowledge of that infringement, such as by advertising and distributing the Bed Bath QR Codes, including instructions on how to use the QR Codes, by which Bed Bath specifically intended to cause, urge, encourage, or aid others to directly infringe the '597 Patent.

45. These active steps caused, urged, encouraged, or aided others to use the Bed Bath QR Codes in a manner that employs and/or embodies the claims of the '597 Patent by meeting each and every element of one or more of the claims of the '597 Patent, including putting the invention into service, i.e., controlling the system as a whole and obtaining benefit from it.

46. By making and/or using QR codes that indirectly link to a webserver, Bed Bath is making and/or using QR codes that are material to practicing the '597 Patent's invention.

47. Bed Bath QR codes that indirectly link to a webserver are especially made or especially adapted to indirectly link to a webserver.

48. Bed Bath QR codes that indirectly link to a webserver have no substantial non-infringing uses.

49. By making and/or using the QR codes that indirectly link to a webserver, Bed Bath specifically intended its customers to infringe the '597 Patent and knew that the customers' acts constituted infringement.

50. On information and belief, conduct by Bed Bath is willful and deliberate.

51. As a direct and proximate result of Bed Bath's acts of patent infringement, NeoMedia has been, and continues to be injured, and has sustained, and will continue to sustain, substantial damages in an amount not yet determined.

52. In addition, NeoMedia has and will continue to suffer irreparable harm as a direct and proximate result of Bed Bath's acts of patent infringement.

## REQUEST FOR RELIEF

WHEREFORE, NeoMedia requests that this Court enter judgment:

A. Adjudging, finding and declaring that Bed Bath has indirectly infringed (both via induced infringement and contributory infringement) the asserted claims of each of the Patents-In-Suit under 35 U.S.C. §271;

B. Adjudging, finding and declaring that infringement by Bed Bath is willful and deliberate;

C. Ordering Bed Bath to pay NeoMedia an amount that, as adequately as possible, compensates NeoMedia for infringement by Bed Bath, in no event less than a one-time fully paid up reasonable royalty fee;

D. Ordering Bed Bath to pay court costs, pre-judgment interest, post-judgment interest, and attorneys' fees under 35 U.S.C. §§284 and 285;

E. Finding that this is an "exceptional" case pursuant to 35 U.S.C. §285, and awarding enhanced damages up to and including treble the amount of damages and the payment of attorneys' fees; and

F. Granting NeoMedia such other and further relief as is just and proper, or as the Court deems appropriate.

## JURY DEMAND

NeoMedia demands a trial by jury on all issues that may be so tried.

Dated: May 1, 2013                                Respectfully submitted,

/s/ Alexander J. Debski


David Berten (dberten@giplg.com)
Cindy Ahn (cahn@giplg.com)
Alexander Debski (adebski@giplg.com)
Global IP Law Group, LLC
123 N. Wacker Drive, Suite 2350
Chicago, IL 60606
T: (312) 241-1500
F: (312) 241-1522

Attorneys for Plaintiff NeoMedia Technologies, Inc.